UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff-Respondent,

    v.

ANTONIO M. TYREE, JR.,
    Defendant-Movant.

Case No. 2:24-CR-45
JUDGE EDMUND A. SARGUS, JR.

## ORDER

Antonio M. Tyree, Jr., proceeding *pro se*, moved to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (ECF No. 41.) The Court ordered the Government to answer or otherwise respond to the § 2255 Motion under Rules 4(b) and 5 of the Rules Governing § 2255 Proceedings within 60 days of the date of that order. (ECF No. 42.)

Shortly thereafter, the Government filed a Motion for Petitioner to File a Waiver of Attorney-Client Privilege. (ECF No. 43.) Because Mr. Tyree alleges that his trial counsel provided ineffective assistance of counsel, the Government requested that Mr. Tyree file a sworn waiver of attorney-client privilege and that the Government's response deadline be held in abeyance pending the filing of that waiver. (*Id.* PageID 198–99.) In a September 22, 2025 Order, the Court granted the Government's request, gave Mr. Tyree 21 days to file a formal waiver of attorney-client privilege, warned that failure to file the waiver could result in denial of Mr. Tyree's § 2255 Motion, and set the Government's response date contingent upon Mr. Tyree's filing of a proper attorney-client waiver. (ECF No. 44.)

On October 23, 2025, Mr. Tyree made two filings: (1) a "Motion for Appoint of Counsel" (ECF No. 45); and (2) "Petitioner's Response to Government's Request for Privilege Waiver

(ECF 43) and Motion for Protective Order and Limited Waiver" (ECF No. 46). The Court addresses Mr. Tyree's filings in turn below.

### I. Motion for Appoint of Counsel

Mr. Tyree moves for appointment of counsel in connection with his § 2255 Motion, citing 18 U.S.C. § 3006A(a)(2)(B) and Rule 8(c) of the Rules Governing Section 2255 Proceedings. (ECF No. 45.) In support, Mr. Tyree makes a few arguments. First, he argues that waiver of attorney-client privilege raises complex issues. (*Id.* PageID 214.) He also argues that appointment of counsel may be necessary because of "discovery, expansion of the record, or an evidentiary hearing." (*Id.*)

18 U.S.C. § 3006A(a)(2)(B) provides that if the Court "determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under" § 2255. Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

Mr. Tyree's request for counsel is **DENIED without prejudice**. (ECF No. 45.) The waiver of attorney-client privilege does not raise complex issues. When a defendant makes claims relating to conversations between himself and his trial counsel, specifically an ineffective assistance of counsel claim, he impliedly waives the privilege as to attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446, 452–53 (6th Cir. 2005); *United States v. Watson*, No. 3:11-CR-079, 2015 WL 1905881, at *1 (S.D. Ohio Apr. 24, 2015) (Black, J.). Mr. Tyree includes five grounds in support of his § 2255 Motion, all arguing ineffective assistance of counsel, and so he has impliedly waived the privilege. Appointment of counsel in connection with the attorney-client waiver is not in the interest of justice. *See* 18 U.S.C. § 3006A(a)(2).

As for Mr. Tyree's other arguments, the Government has not yet had the opportunity to respond to Mr. Tyree's § 2255 Motion, Mr. Tyree has not had an opportunity to reply, and the Court has not assessed if an evidentiary hearing is necessary. The Court can appoint counsel under the statute and rule cited by Mr. Tyree later if it determines counsel is necessary. To be clear, the Court makes no ruling or determination on the merits of Mr. Tyree's ineffective assistance of counsel claims at this juncture.

II. **Petitioner's Response to Government's Request for Privilege Waiver (ECF 43) and Motion for Protective Order and Limited Waiver**

Mr. Tyree filed a "Response to Government's Request for Privilege Waiver (ECF 43) and Motion for Protective Order and Limited Waiver." (ECF No. 46.)  Mr. Tyree waives his attorney-client privilege but only "to the extent necessary for the Court to adjudicate the ineffective-assistance grounds" he raises in his § 2255 Motion. (ECF No. 46-1, PageID 222.) Mr. Tyree opposes "any **blanket** or **global** waiver." (ECF No. 46, PageID 218 (emphasis in original).) He asks that his limited waiver not constitute a waiver "for any other purpose or proceeding." (ECF No. 46-1, PageID 222.)

The Court finds the limited waiver sufficiently complies with its Order. (*See* ECF No. 44.)Yet because the waiver was not in strict compliance with the Court's Order (*see id.*), the Court resets the response and reply deadlines, as set forth below in the Conclusion section.

Mr. Tyree also asks the Court to enter a "[Proposed] Protective Order Under FRE 502(d)," which seems to be in preparation for any document exchange between the Government and Mr. Tyree's former counsel. (ECF No. 46-2.) The Court **DECLINES** to enter Mr. Tyree's proposed protective order, which appears to have been unilaterally submitted, *pro se*. If the Government and Mr. Tyree's former counsel in this criminal case or any future counsel find it necessary to enter a

stipulated protective order to exchange documents in connection with Mr. Tyree's § 2255 Motion, the Government can so move at that time.

### III. Conclusion

Mr. Tyree's "Motion for Appoint of Counsel" (ECF No. 45) is **DENIED without prejudice**. The Court construes Mr. Tyree's "Response to Government's Request for Privilege Waiver (ECF 43) and Motion for Protective Order and Limited Waiver" (ECF No. 46) as a formal waiver of attorney-client privilege. Mr. Tyree's waiver is limited and only as necessary to adjudicate his § 2255 Motion.

The Court **RESETS** the § 2255 Motion briefing deadlines as follows: The Government is **ORDERED** to respond to the § 2255 Motion under Rules 4(b) and 5 of the Rules Governing § 2255 Proceedings within 60 days of this Order. Mr. Tyree has 21 days after the Government's response to reply to it.

**IT IS SO ORDERED.**


**11/7/2025**                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**